IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK GLEE,

       Plaintiff,                    No. CIV S-06-1658 LKK GGH P

   vs.

MR. AUSTIAN, et al.,

       Defendants.               <u>ORDER</u>

_____/

          On September 19, 2006, the court granted plaintiff thirty days to file a second amended complaint. Pending before the court is plaintiff's second amended complaint filed September 29, 2006.

          Named as defendants are Mrs. Campbell, Mr. Austian, Mr. Kanip and Mr. Federico. Plaintiff alleges that the law librarian, Mrs. Hudgins, violated his right to access the courts. The second amended complaint contains no claims against any of the named defendants.

          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

The second amended complaint is dismissed because it contains no claims against any of the named defendants. The court will grant plaintiff one final opportunity to file a colorable complaint.

On October 24, 2006, plaintiff filed a motion for an extension of time.  Because the court is granting plaintiff thirty days to file a third amended complaint, the motion for extension of time is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended complaint filed September 29, 2006, is dismissed with thirty days to file a third amended complaint; failure to file a third amended complaint within that time will result in a recommendation of dismissal of this action;

/////

2. Plaintiff's October 24, 2006, motion for extension of time is denied as unnecessary.

DATED: 11/15/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
gl1658.am(2)

3